UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

RALPH ROMEO and KIRA MILO,

                    Plaintiffs,

        -against-

JOHN E. ANDRUS MEMORIAL, INC.
and OLIVE MOHAMMED, individually,

                    Defendants.
------------------------------------------------------x

**ORIGINAL**

**07 CIV. 2863**

COMPLAINT

Jury Trial Demanded

**WP4**

Plaintiffs RALPH ROMEO and KIRA MILO, by their attorneys Lovett & Gould, LLP, for their complaint respectfully state:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from Defendant John Andrus Memorial Home's violation of Plaintiffs' rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.*

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. In that connection on or about September 25, 2006, Plaintiffs both duly filed Charges of Discrimination, premised on gender and retaliation, with the United States Equal Employment Opportunity Commission [Charge # 160-2006-03888 (Romeo); Charge #520-2006-03889 (Milo)]. On February 8, 2007, the EEOC duly issued to both Plaintiffs

1

their respective Notice of Right to Sue. With respect to Plaintiffs' state law claims, they are interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff RALPH ROMEO (hereinafter "Romeo") is a citizen of the United States and at the time of the incidents set forth *infra* was a domiciliary of the State of New York and a resident of Queens County. Commencing on or about February 21, 2006, he was employed as a Recreation Therapist in the so-called "Community Life" department by Defendant Andrus.

4. Plaintiff KIRA MILO (hereinafter "Milo") is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. At all times relevant to this complaint she was employed as a Licensed Practical Nurse by Defendant Andrus.

5. Defendant JOHN E. ANDRUS MEMORIAL, INC. (herein "Andrus") is a New York domestic corporation that operates a residential health care facility. Andrus' principal office for the conduct of business is situated at 185 Old Broad, Hastings-on-Hudson, New York.

6. Defendant OLIVE MOHAMMED (hereinafter "Mohammed"), who resides at 40 Morrow Avenue, Apartment 5DS, Scarsdale, New York, commencing in 2003 and therefore at all times relevant to this complaint was employed by Andrus. Effective March 1, 2006, Mohammed was promoted to the supervisory position of Nurse Manager, despite Andrus' knowledge of her long-term history of sexually inappropriate workplace behavior during her employment with Andrus.

## THE FACTS

7. Shortly after the commencement of Romeo's employment as by Andrus, Mohammed commenced and for months on a daily basis consistently and openly engaged in repeated, unwanted offensive sexual behavior in the workplace with respect to him including *inter alia*:

    a. Placing her arms around him, touching his chest and rubbing his body,

    b. Advising him, while subjecting him to such physical contact: "Don't be scared, you know I like you",

    c. Winking at him and puckering her lips at the same time,

    d. Discussing in his presence sexual activities, and asking him in the presence of co-workers "How do you like it Romeo?",

    e. Advised him in the presence of co-workers that he was: "being shy you know those shy ones or quiet ones are the ones that are really wild in bed",

    f. Approaching him in the nursing station and whispering to him: "You have cum stains on [your] zipper",

    g. Commenting on his "butt", advising that it was "nice and firm",

    h. Advising him, in the presence of his co-workers: "You think you can handle a woman like me?"

    i. Encircling him with her arms and inquiring if he "was gay",

    j. Advising him: "I'm too much for you Romeo. Look at this body. You think you can handle this?",

    l. Asking him, while she was eating a banana which she then put into her

       mouth: "Romeo look what I can do. Can you imagine what I can do with the real thing?",

       m. While groping him in the nursing station and reaching for his groin, inquired at to the size of his penis,

       n. Advising him with respect to the size of his penis: "I'm going to find out",

       o. Staring at his crotch, smacking and pinching his buttocks,

       p. Demanding, while in the nursing station, to "see how big it is",

       q. Grabbing him around the neck and licking his ear,

8. During the same period of time and with respect to Milo, Mohammed repeatedly, openly engaged in unwanted and offensive sexual remarks including *inter alia*:

       a. Routinely referring to her [Milo's] "pussy",

       b. Referring to a particular female ward clerk as being "gay",

       c. Advising the same ward clerk that she (the clerk) looked like someone who could take ten inches down her throat,

       d. Advising Milo in the presence of co-workers that her (Milo's) "pussy was huge"

       e. Advising Milo, in connection with her unsuccessful efforts to encourage Romeo and Milo to begin dating, that Romeo was "very horny because when she [Mohammed] touched the back of his neck his nipples got hard,"

       f. Advising Milo in the presence of co-workers that "when you touch

      Asian men on their balls they get excited",

    g. Advising Milo, at a time when she was consuming a lollipop: "Oh, boy look Kira can really suck on that",

    h. Advising Milo that she (Mohammed) likes her "bananas long and hard", and,

    i. Advising Milo that homosexual men are gay "because of the way a women's pussy feels".

9. Both Romeo and Milo repeatedly requested that Mohammed cease the behavior referenced in the preceding paragraphs "7" and "8"; Mohammed, over the course of approximately five months refused to do so.

10. On or about August 15, 2006, Romeo in writing complained to Andrus about Mohammed's behavior.

11. On or about August 17, 2006, Milo in writing complained to Andrus about Mohammed's behavior with the intent *inter alia* of both corroborating Romeo's allegations and articulating her own concerns regarding Mohammed.

12. Pretending that Mohammed was just a "new manager" whose sexual misconduct in Andrus' workplace had for the first time become known to Andrus' management, Romeo was in writing advised that Mohammed had been instructed not to retaliate against him for having made his complaint about her. Under the circumstances Mohammed was permitted by Andrus to remain in the Nurse Manager, supervisory position; she was also permitted by Andrus to remain on the same floor and in the same unit where she worked prior to August 15, 2006.

13. As a proximate result of Romeo's opposition to Mohammed's workplace behavior Andrus retaliated against him, removed him from the unit on which he had for months worked, relocated him to a different floor of the facility, forced him to perform excessive work assignments, and permitting the workplace to be rendered even more hostile because calculatedly false staff rumors – to the effect that Romeo is "gay" - were encouraged and spread amongst staff unchecked.

14. As a proximate result of Milos' opposition to Mohammed's workplace behavior Andrus retaliated against her, relocating her work site to a different floor of the facility, forcing her to work subordinate to a supervisor known by Andrus to hate Milo, and as a result *de facto* characterizing her as a pariah - - with the consequence that Andrus staff members were encouraged by Andrus to stare at her, engage her rudely, subject her to offensive conduct, and otherwise impair her otherwise career path.

15. By reason of Defendants' conduct Plaintiffs have been forced to suffer: extreme emotional upset; anxiety; public humiliation; public shame; public embarrassment; impairment of their respective professional reputations; impairment of their respective professional careers and have otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM AGAINST ANDRUS
## ON BEHALF OF BOTH PLAINTIFFS

16. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

17. By promoting Mohammed to the supervisory position of Nurse Manager, with the knowledge that she had over the preceding several years in Andrus' employ created and maintained on a systemic basis a hostile work environment premised on gender,

6

Andrus established, condoned and/or ratified Mohammed's misconduct and facilitated the imposition of her sexually degrading conduct on Plaintiffs.

18. By doing so Andrus violated Plaintiff's rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq* and Section 296 *et. seq* of the New York State Executive Law.

### AS AND FOR A SECOND CLAIM AGAINST ANDRUS ON BEHALF OF BOTH PLAINTIFFS

19. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

20. Andrus' retaliation against Plaintiffs violated their rights as guaranteed by Title VII, 42 U.S.C. §2000e *et. seq.* and Section 296 *et. seq* of the New York State Executive Law.

### AS AND FOR A THIRD CLAIM ON BEHALF OF ROMEO AGAINST MOHAMMED

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "15", inclusive.

22. Under the premises Mohammed repeatedly committed with respect to Romeo: assaults, batteries, and sexual abuse - - all actionable for damages under the common law of the State of New York.

WHEREFORE a judgment is respectfully demanded:

    a. On Plaintiffs' federal claims awarding reasonable attorney's fees, costs, and such punitive and compensatory damages as the jury may impose,

b. On Plaintiffs' state law claims under the Executive Law, awarding such compensatory damages as the jury may determine,

c. On the Third Claim awarding such compensatory and punitive damages as the jury may determine, and,

d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
April 3, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401