PECKAR & ABRAMSON, P.C.
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434
*Attorneys for Defendant John E. Andrus Memorial, Inc.*

UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF NEW YORK

RALPH ROMEO and KIRA MILO,

                    Plaintiffs,

      vs.

JOHN E. ANDRUS MEMORIAL, INC., and
OLIVE MOHAMMED, individually,

                Defendants.

**Docket No. 07 Civ. 2863 (UA)(LMS)**

**ANSWER WITH AFFIRMATIVE
DEFENSES**

**Filed Electronically**

Defendant, John E. Andrus Memorial, Inc., ("Andrus"), by its attorneys, Peckar & Abramson, P.C., as and for their Answer to the Complaint of Plaintiffs, Ralph Romeo and Kira Milo, ("Plaintiffs"), state that:

**NATURE OF THE CASE**

1.     Defendant is not required to respond to the allegations in paragraph 1 of the Complaint.

2.     Denies knowledge or information upon which to form a belief as to the Plaintiff's jurisdictional claims made in paragraph 2 of the Complaint. Defendant admits that Plaintiffs did file Charges of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC did issue a Dismissal and Notice of Rights to Sue.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

## **THE PARTIES**

3.    Denies knowledge or information upon which to form a belief as to the allegations made in paragraph 3 of the Complaint regarding Plaintiff Romeo's citizenship, domiciliary, and citizenship. Defendant admits that Plaintiff Romeo was employed as a Recreation Therapist by Andrus.

4.    Denies knowledge or information upon which to form a belief as to the allegations made in paragraph 4 of the Complaint regarding Plaintiff Milo's citizenship, domiciliary, and citizenship. Defendant admits that Plaintiff Milo was employed as a Licensed Practical Nurse ("LPN") by Andrus.

5.    Denies the allegations in paragraph 5 of the Complaint. Defendant admits that Andrus is a New York domestic not-for- profit corporation that operates a residential health care facility.

6.    Denies the allegations in paragraph 6 of the Complaint.

## **THE FACTS**

7.    Denies the allegations in paragraph 7 of the Complaint.

    a. Denies the allegations in paragraph 7 (a) of the Complaint.

    b. Denies the allegations in paragraph 7 (b) of the Complaint.

    c. Denies the allegations in paragraph 7 (c) of the Complaint.

    d. Denies the allegations in paragraph 7 (d) of the Complaint.

    e. Denies the allegations in paragraph 7 (e) of the Complaint.

    f. Denies the allegations in paragraph 7 (f) of the Complaint.

    g. Denies the allegations in paragraph 7 (g) of the Complaint.

    h. Denies the allegations in paragraph 7 (h) of the Complaint.

    i. Denies the allegations in paragraph 7 (i) of the Complaint.

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

j. Denies the allegations in paragraph 7 (j) of the Complaint.

k. No allegation is made by Plaintiffs.

l. Denies the allegations in paragraph 7 (l) of the Complaint.

m. Denies the allegations in paragraph 7 (m) of the Complaint.

n. Denies the allegations in paragraph 7 (n) of the Complaint.

o. Denies the allegations in paragraph 7 (o) of the Complaint.

p. Denies the allegations in paragraph 7 (p) of the Complaint.

q. Denies the allegations in paragraph 7 (q) of the Complaint.

8.    Denies the allegations in paragraph 8 of the Complaint.

a. Denies the allegations in paragraph 8 (a) of the Complaint.

b. Denies the allegations in paragraph 8 (b) of the Complaint.

c. Denies the allegations in paragraph 8 (c) of the Complaint.

d. Denies the allegations in paragraph 8 (d) of the Complaint.

e. Denies the allegations in paragraph 8 (e) of the Complaint.

f. Denies the allegations in paragraph 8 (f) of the Complaint.

g. Denies the allegations in paragraph 8 (g) of the Complaint.

h. Denies the allegations in paragraph 8 (h) of the Complaint.

i. Denies the allegations in paragraph 8 (i) of the Complaint.

9.    Denies the allegations in paragraph 9 of the Complaint.

10.    Denies the allegations in paragraph 10 of the Complaint.

11.    Denies the allegations in paragraph 11 of the Complaint.

12.    Denies the allegations in paragraph 12 of the Complaint.

13.    Denies the allegations in paragraph 13 of the Complaint.

14.    Denies the allegations in paragraph 14 of the Complaint.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

15.     Denies the allegation in paragraph 15 of the Complaint.

## COUNT I

16.     Repeats and incorporates by reference Defendant's responses to paragraphs 1 through 15 of the Complaint.

17.     Denies the allegations in paragraph 17 of the Complaint.

18.     Denies the allegations in paragraph 18 of the Complaint.

## COUNT II

19.     Repeats and incorporates by reference Defendant's responses to paragraphs 1 through 18 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint.

## COUNT III

21.     Repeats and incorporates by reference Defendant's responses to paragraphs 1 through 20 of the Complaint.

22.     Denies the allegations in paragraph 22 of the Complaint, and denies that Plaintiffs are entitled to any relief as set forth in paragraph 22 (a), (b), (c), (d).

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which an award of compensatory damages, punitive damages, interest, attorneys' fees, costs of suit, equitable relief, or any other relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by their failure to mitigate damages.

LAW OFFICES

**Peckar &
Abramson**
A Professional Corporation

234413.1/05/03/07                                        4

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the damages they seek, in whole or in part, because they suffered their alleged injuries as a result of their own contributory negligence and/or otherwise culpable conduct.

### FOURTH AFFIRMATIVE DEFENSE

Defendant took prompt and appropriate remedial action to prevent and correct alleged discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the damages they seek, in whole or in part, because they assumed the risk of suffering their alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering the damages because they failed to avail themselves of defendant's policies and procedures.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant neither knew nor should have known of any alleged retaliatory acts or omissions.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant did not engage in any alleged retaliatory acts or omissions with malice or reckless disregard for plaintiffs' statutory rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs did not have a valid or enforceable contract of employment.

### TENTH AFFIRMATIVE DEFENSE

To the extent that plaintiffs assert a claim or claims for negligence, emotional distress, pain and suffering, mental pain and anguish, humiliation, embarrassment, and

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

234413.1/05/03/07                                    5

anxiety, such claims are barred by the exclusive remedy provisions of the New York

Workers' Compensation Law.

### ELEVENTH AFFIRMATIVE DEFENSE

At all material times, defendant complied with all relevant and applicable laws,

regulations, and standards of conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant lacked discriminatory animus in their decisions regarding Plaintiffs'

employment, and terms and conditions thereof.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of election of remedies.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant incorporates by reference and asserts as defenses all applicable

provisions pursuant to Title VII of the Civil Rights Act of 1964, Section 1981, and the

New York Human Rights Law.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

234413.1/05/03/07                            6

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint lacks any basis in law or in fact and was instituted in bad faith; therefore, upon dismissal, defendants are entitled to attorney's fees and costs of suit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant reserves their rights to raise any other defenses which have not been asserted by reason of lack of knowledge or information pertaining to these claims.

Dated: May 14, 2007                    PECKAR & ABRAMSON, P.C.
                                       *Attorneys for Defendant,*
                                       *John E. Andrus Memorial, Inc.*


                                       By: _____
                                            JEFFREY M. DAITZ, ESQ.

## <u>DECLARATION OF SERVICE</u>

This is to certify that on May 14, 2007, a copy of the Answer with Affirmative

Defenses, was served *Via Federal Express* upon plaintiffs through his attorney at:


Jonathan Lovett, Esq.
Lovett & Gould, LLC
222 Bloomingdale Road
White Plains, NY  10605

_____
JEFFREY M. DAITZ, ESQ.


Dated:    May 14, 2007

LAW OFFICES

**Peckar &
Abramson**

A Professional Corporation

234413.1/05/03/07                             8