UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

RALPH ROMEO and KIRA MILO

                           Plaintiff,

JOHN E. ANDRUS MEMORIAL, INC. and
OLIVE MOHAMMED,

                           Defendants.
------------------------------------------------------------------x

Case No. 07 CIV. 2863
(WP4)(LMS/MDF/GAY)

**DEFENDANT OLIVE
MOHAMMED'S ANSWER
AND COUNTERCLAIMS**

      Defendant Olive Mohammed ("Olive") files the following Answer to the Complaint herein, and avers as follows:

      1.    Denies knowledge or information sufficient to form a belief as to each and every allegation Complaint, ¶1, concerning the nature of the action, which is stated to be based upon an alleged violation of plaintiffs' rights by defendant John Andrus Memorial, Inc. ("Andrus").

      2.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in Complaint, ¶2, relating to jurisdiction predicated upon a prior proceeding before the United States Equal Employment Opportunity Commission ("EEOC").

      3.    Admits that plaintiff Ralph Romeo ("Romeo") was an employee of Andrus during some time period, otherwise denies knowledge or information sufficient to form a belief as to each and every allegation contained in Complaint, ¶3.

      4.    Admits that plaintiff Kira Milo ("Milo") was an employee of Andrus during some time period, otherwise denies knowledge or information sufficient to form a belief as to each and every allegation contained in Complaint, ¶4.

      5.    Admits that Andrus is a New York corporation offering specialized short-term rehabilitation, skilled nursing care as well as hospice care, and is located at 185 Old Broad, in

Hastings-on-Hudson, New York; otherwise, denies, or denies knowledge or information sufficient to form a belief, as to each and every allegation contained in Complaint, ¶5.

6. Admits and avers that she was hired by Andrus in or about August 2003, first as a *per diem* nurse throughout the facility, and then as the Rehabilitation Head Nurse which position she occupied until February 2005 when she became employed by New York Presbyterian Hospital in New York City; subsequently, Andrus offered her the position of Nurse Manager and in or about February 2006 she was hired in that capacity by Andrus; otherwise, denies each and every allegation contained in Complaint, ¶6.

7. Denies each and every allegation contained in Complaint, ¶7, and specifically denies each and every allegation of alleged behavior and quoted language allegation therein contained.

8. Denies each and every allegation contained in Complaint, ¶8, and specifically denies each and every allegation of alleged behavior and quoted language allegation therein contained.

9. Denies each and every allegation contained in Complaint, ¶9.

10. Acknowledges that at some moment in time Romeo made a complaint about her to Andrus, otherwise denies each and every allegation contained in Complaint, ¶10.

11. Acknowledges that at some moment in time Milo made a complaint about her to Andrus, otherwise denies each and every allegation contained in Complaint, ¶11.

12. Admits that notwithstanding Romeo's complaint about her to Andrus, she was permitted to remain employed by Andrus as Nurse Manager; otherwise denies each and every allegation contained in Complaint, ¶12.

13. Denies each and every allegation contained in Complaint, ¶13.

14. Denies each and every allegation contained in Complaint, ¶14.

15. Denies each and every allegation contained in Complaint, ¶15.

16. Repeats and realleges her answers to the Complaint allegations incorporated by reference in Complaint,¶16, but does not otherwise respond to the allegations contained in Complaint ¶s 16 through 18, inclusive, inasmuch as this "First Claim" is stated only as against Andrus.

17. Repeats and realleges her answers to the Complaint allegations incorporated by reference in Complaint,¶19, but does not otherwise respond to the allegations contained in Complaint ¶s 19 and 20, inasmuch as this "Second Claim" is stated only as against Andrus.

18. Repeats and realleges her answers to the Complaint allegations incorporated by reference in Complaint,¶21, and denies each and every allegation contained in Complaint, ¶22.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. The claims of plaintiffs, and each of them, are or may be barred by the doctrines of waiver, estoppel, laches or unclean hands.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. The Third Claim fails to state a claim upon which relief can be granted.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFFS

21. Olive was hired by Andrus in or about August 2003 as a *per diem* nurse throughout the Andrus facility, and later became its Rehabilitation Head Nurse until she left in February 2005 to become employed by New York Presbyterian Hospital in New York City.

22. In or about November or December 2006, Andrus offered Olive the position of Nurse Manager of its third floor Rehabilitation Unit ("Rehab Unit"); Olive accepted that offer and began that employment with Andrus in or about February 2006.

23. Upon information and belief, Milo had been and had continued to be employed by Andrus, and had expected to be made the Nurse Manager of the Rehab Unit before Andrus hired Olive in that capacity.

24. After Olive became Nurse Manager of the Rehab Unit, Milo refused to perform tasks or take orders from Olive, and otherwise became and remained insubordinate and obstreperous, evincing hate and jealousy, and upon information and belief she made threats to get Olive fired.

25. Sometime after Olive became Nurse Manager of the Rehab Unit, Romeo was observed by Olive making repeated disparaging remarks about Andrus to patients and the families of patients; at one point, Olive reported Romeo for doing so after which Andrus barred Romeo from the Rehab Unit.

26. Upon information and belief, at or about the same time, because of her continuous insubordination vis-a-vis Olive, Andrus took Milo off the third floor Rehab Unit and reassigned her to the fifth floor of Andrus.

27. Upon information and belief, either before Olive was rehired by Andrus or sometime thereafter, Romeo and Milo entered into a close and sexual relationship, and they engaged in sexual relations and sexual intercourse in and about Andrus and its environs; upon information and belief, they continue in their sexual relationship.

28. Upon information and belief, at or about the times that Romeo was barred from the Rehab Unit and Milo was taken off the third floor Rehab Unit and reassigned to the fifth floor, Romeo and Milo entered into an unlawful, illegal, malicious, intentional, wilful, fraudulent and deceitful, plot, plan, scheme and conspiracy, the aim and purpose of which was to get Olive fired, to punish and "destroy" her, and to cause her severe emotional distress and injury.

29. Upon information and belief, in furtherance of their said unlawful, illegal, malicious, intentional, wilful, fraudulent and deceitful plot, plan, scheme and conspiracy, Romeo and Milo did then and thereafter deliberately, wilfully and intentionally make false and fraudulent charges and claims against Olive alleging that Olive had said things to each of them, and/or had done things to each of them, of a sexual nature made unlawful and/or illegal by various provisions of law.

30. Upon information and belief, Romeo and Milo made such false and fraudulent charges and claims about Olive to Andrus, and when Andrus did not fire Olive they used such false and fraudulent charges and claims about Olive as a scam against Andrus before the EEOC, and thereafter initiated this lawsuit when the EEOC opted not to pursue their claims.

31. By reason of the said unlawful, illegal, malicious, intentional, wilful, fraudulent and deceitful plot, plan, scheme and conspiracy entered into by Romeo and Milo, and their wilful, intentional and deliberate continued false and fraudulent charges and claims, as aforesaid, Andrus did fire Olive on or about November 13, 2006 causing and continuing to cause Olive substantial harm and damages.

32. By reason of the aforesaid wilful, intentional and deliberate false and fraudulent claims and statements made by Romeo and Milo so acting in concert, they committed a *prima facie* tort against Olive, and Olive has suffered and continues to suffer damages in an amount to be established upon the trial of this action, but which it is believed will be no less than $250,000,000.00 at that time; and, because such acts of Romeo and Milo were intentional, wilful and deliberate, Olive will ask for an award of punitive damages in the amount of $250,000.00.

## AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFFS

33. Olive repeats and realleges each of the allegations contained in ¶s 21 through 32 of this Answer with the same force and effect as if fully set forth herein at length.

34. Upon information and belief, the wilful false and fraudulent charges and claims of illegal and/or unlawful conduct alleged by Romeo and Milo to have been committed by Olive were both oral and in writing, and constituted libel and/or slander, *per se*.

35. By reason thereof, Olive has suffered and continues to suffer damages in an amount to be established upon the trial of this action, but which it is believed will be no less than $250,000,000.00 at that time; and, because such acts of Romeo and Milo were intentional, wilful and deliberate, Olive will ask for an award of punitive damages in the amount of $250,000.00.

## AS AND FOR A THIRD COUNTERCLAIM AGAINST PLAINTIFFS

36. Olive repeats and realleges each of the allegations contained in ¶s 21 through 32 of this Answer with the same force and effect as if fully set forth herein at length.

37. By reason of the aforesaid wilful, intentional and deliberate false and fraudulent claims and statements made by Romeo and Milo, Olive has suffered and continues to suffer sleep deprivation, mental anguish and severe emotional distress and injury, and said conduct of Romeo and Milo was and remains so outrageous and extreme in degree and character as to go beyond all possible bounds of decency, and said conduct can be regarded as atrocious and utterly intolerable in a civilized society.

38. By reason thereof, Olive has suffered and continues to suffer damages in an amount to be established upon the trial of this action, but which it is believed will be no less than $250,000,000.00 at that time; and, because such acts of Romeo and Milo were intentional, wilful and deliberate, Olive will ask for an award of punitive damages in the amount of $250,000.00.

WHEREFORE, defendant Olive Mohammed demands judgment as follows:

A.    Dismissing the Third Claim asserted against her in the Complaint;

B.    Against each plaintiff on the First, Second and Third Counterclaims herein contained in an amount to be established upon the trial, but which it is believed will be no less than $250,000,000.00 at that time, plus punitive damages in the sum of $250,000.00; and

C.    Awarding to defendant Olive Mohammed such other, further and different relief as to the Court may seem just and proper, together with the costs and disbursements of this action.

Dated: White Plains, New York
       May 22, 2007

SINGER NETTER DOWD & BERMAN
Attorneys for Defendant Olive Mohammed

By: *[signature]*
Edward M. Berman (EB-5385)
50 Main Street, Suite 1000
White Plains, NY 10606-1900
(914) 682-2131

TO:
Jonathan Lovett (JL-4854)
LOVETT & GOULD, LLP
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, NY 10605
(914) 428-8401

<u>CERTIFICATE OF SERVICE BY MAIL</u>

STATE OF NEW YORK    )
                                                     )ss.:
COUNTY OF WESTCHESTER)

    EDWARD M. BERMAN, an attorney at law of the State of New York, and a member of the firm of Singer Netter Dowd & Berman, hereby certifies on May 22, 2007, the within INITIAL INTERROGATORIES OF DEFENDANT MOHAMMED TO PLAINTIFF MILO was served by mail, by mail room personnel within our offices depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the following addresses:

    John Lovett, Esq.
    Lovett & Gould, LLP
    Attorneys for Plaintiffs
    222 Bloomingdale Road
    White Plains, NY 10605

    Jeffrey Michael Daitz, Esq.
    Peckar & Abramson, P.C.,(NJ)
    Attorneys for Defendant John E. Andrus Memorial, Inc.
    70 Grand Avenue
    River Edge, NJ 07661

Dated: White Plains, New York
        May 22, 2007

                                                      Edward M. Berman (EB-5385)