UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

Civil Action, Case No. 07 CIV. 2863 (WP4)(LMS/MDF/GAY)

| | | |
|---|---|---|
| RALPH ROMEO and KIRA MILO | ) | ECF CASE |
| | ) | |
| | ) | INITIAL INTERROGATORIES |
| Plaintiffs, | ) | BY DEFENDANT MOHAMMED |
| | ) | TO PLAINTIFF MILO |
| -against- | ) | |
| | ) | |
| JOHN E. ANDRUS MEMORIAL, INC. and | ) | |
| OLIVE MOHAMMED, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

TO: Jonathan Lovett (JL-4854)
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, NY 10605

SIR:

PLEASE TAKE NOTICE, that defendant Olive Mohammed demands that plaintiff Kira Milo answer each of the following Interrogatories under oath within thirty (30) days of service hereof, in accordance with Rule 33 of the Federal Rules of Civil Procedure, and Rule 33.3 of the Local Civil Rules of this Court.

PLEASE note that if at any time prior to trial you obtain information which renders any answer provided inaccurate or incomplete, amended answers must be served pursuant to Rule 26 of the Federal Rules of Civil Procedure.

INTERROGATORIES PROPOUNDED BY:

SINGER NETTER DOWD & BERMAN
Attorneys for Defendant Olive Mohammed

By: _____
Edward M. Berman (EB-5385)
50 Main Street, Suite 1000
White Plains, NY 10606-1900
(914) 682-2131

Dated: White Plains, New York
May 22, 2007

1

## I. DEFINITIONS

For the purposes of this Request to Produce, the person(s) furnishing and producing the designated documents shall do so with reference to the uniform definitions in discovery requests set forth in Rule 26.3 of the Civil Rules of the Southern and Eastern District Courts of New York (copy annexed for ready reference; see definition of *italicized words* in said Rule 26.3). The following additional definitions shall also apply to this litigation:

A.  "This litigation" shall mean this particular action.

B.  "Romeo" shall mean plaintiff Ralph Romeo and all other persons acting or purporting to act for and/or on his behalf.

C.  "Milo" shall mean plaintiff Kira Miro and all other persons acting or purporting to act for and/or on her behalf, and "you", "your" and "yours" shall mean her.

D.  "Olive" shall mean defendant Olive Mohammed and all other persons acting or purporting to act for and/or on her behalf.

E.  "EEOC" shall mean the United States Equal Employment Opportunity Commission.

F.  "Complaint" shall mean the Complaint served herein.

## II. COUNSEL'S OBJECTIONS

Where a claim of privilege is asserted in responding or objecting to these interrogatories, and information is not provided on the basis of such assertion,

(1)  the attorney asserting the privilege shall in the response or objection to the discovery request identify the nature of the privilege (including work product) which is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege being invoked; and

(2)  the following information shall be provided in the response or objection, unless divulgence of such information would cause disclosure of privileged information:

(i)  for documents: (a) the type of document, e.g., letter or memorandum; (b) general subject matter of the document; (c) the date of the document; (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee and any other recipient to each other;

2

(ii)    for oral communications: (a) the name of the person making the communication and the names of the person(s) present while the communication was made, and, where not apparent, the relationship of the person(s) present to the person making the communication; (b) the date and place of the communication; and, (c) the general subject matter of the communication.

### III. INTERROGATORIES

1. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge of Olive's alleged "long-term history of sexually inappropriate workplace behavior during her employment with Andrus", as alleged in Complaint, ¶6.

2. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge that Olive allegedly "repeatedly, openly engaged in unwanted and offensive sexual remarks" to you, as alleged in the introductory portion of Complaint, ¶8.

3. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive routinely referred to your "pussy", as alleged in Complaint, ¶8(a).

4. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive referred to a particular female ward clerk (identify her) as being "gay", as alleged in Complaint, ¶8(b).

5. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive advised that "the same ward clerk....looked like someone who could take ten inches down her throat", as alleged in Complaint, ¶8(c).

6. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive "advised [you] in the presence of co-workers that [your] 'pussy was huge'", as alleged in Complaint, ¶8(d).

7. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive "advised [you], in connection with [your] unsuccessful efforts to encourage Romeo and [you] to begin dating, that Romeo was 'very horny because when [Mohammed] touched the back of his neck his nipples got hard'", as alleged in Complaint, ¶8(e).

8. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive advised you "in the presence of co-workers that 'when you touch Asian men on their balls they get excited'", as alleged in Complaint, ¶8(f).

9. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive advised you when you were sucking on a lollipop: "Oh, boy look Kira can really suck on that", as alleged in Complaint, ¶8(g).

10.     *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive advised you that she "likes her 'bananas long and hard'", as alleged in Complaint, ¶8(h).

11.     *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning the allegation that Olive advised you "that homosexual men are gay 'because of the way a women's pussy feels'", as alleged in Complaint, ¶8(i).

12.     *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each and any time that you allegedly "repeatedly requested that Mohammed cease the behavior referenced" in any subparagraph of Complaint, ¶7, "over the course of approximately five months", as alleged in Complaint, ¶9.

13      *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each and any time that Olive allegedly refused to "cease the behavior referenced" in any subparagraph of Complaint, ¶7, "over the course of approximately five months", as alleged in Complaint, ¶9.

14.     *Identify each Person* at Andrus to whom you allegedly made written complaint on or about August 17, 2006, as alleged in Complaint, ¶11.

15.     *Identify each Person* at Andrus whom it is alleged wrote the letter to you described in Complaint, ¶12.

16.     With respect to Complaint, ¶13, *Identify each Person* at Andrus whom you allege:

(i) retaliated against you, (ii) removed you from the unit at which you had worked for months, (iii) relocated you to a different floor of the facility, (iv) forced you to work excessive work assignments, and (v) permitted the workplace to rendered even more hostile because false staff rumors were encouraged and spread amongst staff unchecked.

17.     With respect to Complaint, ¶13, *Identify each Person* at Andrus whom you allege:

(i) encouraged what "false staff rumors" and state which such rumor was allegedly encouraged by each such *Person*), and

(ii) spread what "false staff rumors" and state which such rumor was allegedly spread by each such *Person*).

18.     *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each or any of the allegations contained in Complaint, ¶15, namely:

a.      That you suffered "extreme emotional upset" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

b.      That you suffered "anxiety" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

    c. That you suffered "public humiliation" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

    d. That you suffered "public shame" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

    e. That you suffered "public embarassment" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

    f. That you suffered impairment of your professional reputation by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive;

    g. That you suffered impairment of your professional career by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive; and

    h. That you "have otherwise been rendered sick and sore" by reason of the alleged acts and statements set forth in any of Complaint, ¶s 7-13, inclusive.

  19. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each occurrence of each alleged assault alleged in Complaint, ¶22, to have been committed against you by Olive.

  20. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each occurrence of each alleged act of battery alleged in Complaint, ¶22, to have been committed against you by Olive.

  21. *Identify each Person* whom to your knowledge, information and/or belief has any knowledge concerning each occurrence of each alleged act of sexual abuse alleged in Complaint, ¶22, to have been committed against you by Olive.

  22. *Identify each Document* that you submitted to anyone at Andrus (*Identify each such Person*) involving or related to any allegation contained in the Complaint herein.

  23. *Identify each Ddocument* given to you by Andrus (*Identify each such Person*) involving or related to any allegation contained in the Complaint herein.

  24. *Identify each Document* given *And/Or* issued by you to the EEOC involving or related to any allegation contained in the Complaint herein.

  25. *Identify each Document* given *And/Or* issued by the EEOC to you involving or related to any allegation contained in the Complaint herein.

  26. *Identify each Document* given *And/Or* issued by you to Olive involving or related to any allegation contained in the Complaint herein.

  27. *Identify each Document* you originated concerning any episode related to any allegation contained in the Complaint herein, and *Identify each Person* having any knowledge thereof.

28. Identify each recording that you made of any episode related to any allegation contained in the Complaint herein, and *Identify each Person* having any knowledge thereof.

29. *Identify each Person* you have identified in any of your answers to these interrogatories whom you plan to call as a witness in this action.

30. *Identify each Document* that you have obtained from any person identified in any of your answers to any of these interrogatories involving or related to any allegation contained in the Complaint herein.

31. Specify what amount of money damages you have sustained as a result of any act or omission alleged in the Complaint herein, including the nature and extent of each such item of damages, and the manner in which they were calculated, and *Identify each Document* supporting the same.

32. *Identify each Document* relating to and/or concerning each of the allegations contained in the Complaint herein not otherwise identified in response to any of the foregoing interrogatories.

<u>CERTIFICATE OF SERVICE BY MAIL</u>

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF WESTCHESTER)

    EDWARD M. BERMAN, an attorney at law of the State of New York, and a member of the firm of Singer Netter Dowd & Berman, hereby certifies on May 22, 2007, the within INITIAL INTERROGATORIES OF DEFENDANT MOHAMMED TO PLAINTIFF MILO was served by mail, by mail room personnel within our offices depositing true copies thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following persons at the following addresses:

    John Lovett, Esq.
    Lovett & Gould, LLP
    Attorneys for Plaintiffs
    222 Bloomingdale Road
    White Plains, NY 10605

    Jeffrey Michael Daitz, Esq.
    Peckar & Abramson, P.C.,(NJ)
    Attorneys for Defendant John E. Andrus Memorial, Inc.
    70 Grand Avenue
    River Edge, NJ 07661

Dated: White Plains, New York
       May 22, 2007

                                                  _____
                                                  Edward M. Berman (EB-5385)