UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH ROMEO and KIRA MILO,

                         Plaintiffs,

    - against -

JOHN E. ANDRUS MEMORIAL, INC. and OLIVE MOHAMMED, individually,

                         Defendants.

07 Civ. 2863 (KMK) (LMS)

**REPORT AND RECOMMENDATION**

TO: THE HONORABLE KENNETH M. KARAS,
      UNITED STATES DISTRICT JUDGE

Plaintiffs Ralph Romeo and Kira Milo initiated the instant employment discrimination suit against their former employer Defendant John E. Andrus Memorial, Inc. (herein, "Defendant Andrus") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, *et seq.*, for maintaining a hostile workplace environment and for committing acts of retaliation against them after filing internal complaints about the allegedly inappropriate behavior of Defendant Olive Mohammed (herein, "Defendant Mohammed"). See Docket #1, Complaint (herein, "Comp.") at ¶¶16-20. Plaintiff Romeo also asserts New York common law claims for assault, battery, and sexual abuse against Defendant Mohammed in her individual capacity for allegedly inappropriate gestures, comments and actions she made toward Plaintiff Romeo during the course of his employment with Defendant Andrus. See Comp. at ¶¶21-21. This matter was initially referred to the undersigned for all purposes permitted by law pursuant to the standing order of the court and was reassigned to Your Honor on August 6, 2007.

Following an initial pretrial conference with counsel for Plaintiffs and Defendants Andrus



1

and Mohammed, and a settlement conference with counsel, Plaintiffs' counsel requested leave to withdraw, which the undersigned granted on September 28, 2007. See Docket #23, Order. At that time, the undersigned directed that the Plaintiffs were to obtain replacement counsel or were to prepare to prosecute this action *pro se*. See id. On December 7, 2007, counsel for Defendant Andrus and Defendant Mohammed appeared before the undersigned via telephone, but neither Plaintiff Romeo nor Plaintiff Milo appeared in person as directed. See Minute Entry dated December 7, 2007. Prior to the conference, my staff communicated with Plaintiff Milo and were informed by Plaintiff Milo that she no longer wished to pursue this matter. A scheduling notice for the December 7, 2007, appearance was sent both to Plaintiff Romeo and to Plaintiff Milo informing them of their need to appear before the undersigned on that date and that their failure to appear could result in the dismissal of this action. The scheduling notice sent to Plaintiff Romeo was returned to the undersigned with the following notation, "Not Deliverable As Addressed. Unable to Forward." See Docket #24, Returned Mail. The scheduling notice sent to Plaintiff Milo was not returned to the Court and presumably was delivered to Plaintiff Milo.

Having received no further contact from either Plaintiff Romeo or Plaintiff Milo, and in light of their failure to appear before the undersigned on December 7, 2007, I conclude, and respectfully recommend that Your Honor should conclude, that the Plaintiffs have abandoned the prosecution of this matter and that this case should be dismissed without prejudice for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

## DISCUSSION

A.   FED. R. CIV. P. 41 Failure to Prosecute Standard

"[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a

2

plaintiff's case *sua sponte* for failure to prosecute." <u>Lesane v. Hall's Security Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001) (citing <u>Link v. Wabash R.R.. Co.</u>, 370 U.S. 626, 630 (1962)). When considering dismissing a cause of action because of a plaintiff's failure to prosecute, district courts are to consider the following five factors: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in the dismissal of his or her complaint; (3) whether the defendant is likely to be prejudiced by further delay; (4) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) the adequacy and efficacy of lesser sanctions. <u>Lesane</u>, 239 F.3d at 209 (quoting <u>Alvarez v. Simmons Market Research Bureau, Inc.</u>, 839 F.2d 930, 932 (2d Cir. 1988)). Although no one of the five enumerated factors is dispositive of the inquiry into the appropriateness of dismissal for failure to prosecute, "a decision to dismiss [for failure to prosecute] stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning" and discussion of the factors on the record. <u>Lesane</u>, 239 F.3d at 209.

B.   <u>Plaintiffs' Failure to Prosecute</u>

Upon a review of the facts of this case, I conclude, and respectfully recommend that Your Honor should conclude, that the Court should dismiss the instant action without prejudice for Plaintiffs' joint failure to prosecute this action. I will analyze the propriety of the dismissal of this action as to each Plaintiff individually.

1.   Plaintiff Romeo

Plaintiff Romeo's former counsel provided the Court with his last known address, and the Court sent a scheduling notice for the December 7, 2007, conference to that address. As noted above, that scheduling notice was returned to the undersigned as undeliverable and as unable to

be forwarded. See Docket #24. The substance of that scheduling notice included language informing Plaintiff Romeo that his failure to appear or to contact the chambers of the undersigned could result in dismissal of the instant action. Id. Additionally, Plaintiff Romeo's former counsel has informed the Court and counsel for the Defendants that he is currently enrolled in medical school out of the country, and that counsel had been unable to communicate with him. Not having heard from Plaintiff Romeo, and having no current contact information for him, I respectfully recommend that the Court can infer that Plaintiff Romeo has elected to abandon the prosecution of this matter and that dismissal of such action without prejudice is appropriate in this case. Should Plaintiff Romeo seek to reinitiate prosecution of this matter, Plaintiff Romeo may contact Your Honor and inform you by way of objection to this Report and Recommendation within the time period explained below of his intent to continue the prosecution of this case *pro se* or with counsel. The undersigned will send a copy of this Report and Recommendation to the last known address for Plaintiff Romeo. I respectfully recommend that dismissal of this action without prejudice serves the Court's interest in maintaining an efficient calendar and preserves Plaintiff Romeo's right to reassert these claims at a later point in time if appropriate.

    2.    Plaintiff Milo

Differing from the circumstances surrounding the absence of contact with Plaintiff Romeo, my staff has been in verbal contact with Plaintiff Milo and has been informed by Plaintiff Milo that she no longer wishes to prosecute this matter. Although Plaintiff Milo was informed by my staff that she should send a letter to the undersigned informing me in writing of her intent to discontinue this action, the undersigned has received no such correspondence from

Plaintiff Milo. Additionally, a notice was sent to Plaintiff Milo informing her of the necessity for her to appear before the undersigned on December 7, 2007. As noted, Plaintiff Milo did not appear before the Court on December 7, 2007, and the undersigned neither has received that scheduling notice back from Plaintiff Milo as undeliverable nor has received other correspondence from Plaintiff Milo informing the Court that she wishes to pursue this action further. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that the totality of these circumstances evince Plaintiff Milo's intent to abandon this action and that this action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b). This Report and Recommendation will be sent to Plaintiff Milo and will serve as an additional way of confirming her intent to abandon the prosecution of this matter. Should Plaintiff Milo seek to reinitiate the prosecution of this matter, Plaintiff Milo may contact Your Honor and inform you by way of objection to this Report and Recommendation within the time period explained below of her intent to continue to prosecute the case *pro se* or with counsel. I respectfully recommend that dismissal of this action without prejudice serves the Court's interest in maintaining an efficient calendar and preserves Plaintiff Milo's right to reassert these claims at a later point in time if appropriate.

## **CONCLUSION**

For the aforementioned reasons I conclude, and respectfully recommend that Your Honor should conclude, that the totality of the circumstances before the Court evince Plaintiff Romeo and Plaintiff Milo's intent to abandon the prosecution of this matter and that this action should be dismissed without prejudice pursuant to FED. R. CIV. P. 41(b). Should either Plaintiff Romeo or Plaintiff Milo wish to prosecute this action *pro se* or with counsel, either Plaintiff Romeo or

5

Plaintiff Milo may notify Your Honor of such an intent by way of objection to this Report and Recommendation within the time frame articulated below.

## NOTICE

Pursuant to 28 U.S.C. 636(b)(1), as amended, and FED. R. CIV. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to FED. R. CIV. P. 6(e), or a total of thirteen (13) working days, see FED. R. CIV. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas.

Dated: January 2, 2008
White Plains, New York

Respectfully Submitted,

Lisa Margaret Smith
Chief United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:
　　The Honorable Kenneth M. Karas, U.S.D.J.
　　Plaintiff Ralph Romeo and Plaintiff Kira Milo, *pro se*